SO ORDERED.
SIGNED 7th day of November, 2024

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Charles M. Walker
U.S. Bankruptcy Judge



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Historic Beeches, LLC | ) | Case No. 3:24-bk-02738 |
| | ) | Chapter 11 |
| | ) | Judge Walker |
| Debtor. | ) | |

**AGREED ORDER RESOLVING APEX BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND AGREEMENT ON TERMS RELATED TO DEBTOR'S SUBORDINATE POST-PETITION FINANCING**

This is before the Court upon the *Motion for Relief from Automatic Stay* (the "Stay Relief Motion") (Docket No. 19) filed by Apex Bank ("Apex") and the *Expedited Motion of Debtor for Order Authorizing Debtor to Obtain Post-Petition Financing pursuant to 11 U.S.C. §§ 105, 362, 364(c)(1), 364(c)(2), 364(D) and 364(E)* (the "DIP Motion"). As indicated by the signatures below, the Debtor and Apex have reached certain agreements regarding the Stay Relief Motion and the authorization for the Debtor to obtain subordinate post-petition financing. The Debtor and Apex

may be collectively referred to as the "Parties." The Parties further state as follows:

1. On September 20, 2024, Apex filed its Stay Relief Motion with this Court. As set forth in the Stay Relief Motion, Apex is the principal secured lender to the Debtor and holds a valid and perfected first priority lien and security interest on the Debtor's Property (as defined in the Stay Relief Motion).

2. On September 25, 2024, the Debtor filed its DIP Motion with this Court, on an expedited basis, seeking the authorization to obtain post-petition financing for the purposes of completing the construction projects related to the Debtor's real property and event center.

3. On October 10, 2024, the Parties entered that certain *Agreed Order Authorizing Debtor to Obtain Subordinate Post-Petition Financing and Setting Revised Briefing Schedules and Resetting Hearings on Debtor's DIP Financing Motion and Apex Bank's Motion for Relief from Automatic Stay* (the "Agreed Scheduling Order") (Docket No. 36). The Agreed Scheduling Order reset the hearings on the Stay Relief Motion and the DIP Motion for October 30, 2024.

4. The terms of the proposed post-petition financing sought in the DIP Motion have changed such that the Debtor hereby withdraws the present DIP Motion and refiles a DIP Financing Motion with the updated terms included.

5. The Debtor asserts that there is an immediate need for funding for the Debtor's construction projects related to the Debtor's real property and event center.

6. Given the Debtor's stated immediate need for authorization to obtain post-petition financing and the Parties desire to resolve the Stay Relief Motion, the Parties have agreed as set forth below.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. The Debtor withdraws the DIP Motion (Docket No. 23).

2. The Debtor acknowledges the validity of the debt owed to Apex Bank as set out in the proof of claim filed by Apex Bank in this case (Claim No. 3). Without limiting the scope of any collateral as described in Apex Bank's loan and security agreements with Debtor, the Debtor further acknowledges that Apex Bank holds a first-priority position security interest in the Debtor's Property, as well as Debtor's leases, rents, and profits (i.e. its cash collateral). The Debtor acknowledges that Apex Bank's loan and security agreements are valid and enforceable according to their terms.

3. Pursuant to the terms set forth in the forthcoming Debtor in Possession Financing Motion, the Debtor will be required to have all funds held by Debtor's counsel and have all loan and other necessary documents completed and executed by Friday, November 8, 2024 at 5 p.m. (central standard time). If the Debtor is unable to obtain all loan funds and/or is unable to execute all necessary loan documentation, Apex Bank, upon the filing of a notice of default with the Court, shall have immediate relief from the automatic stay. The proposed borrowing and forthcoming Debtor in Possession Financing Motion shall provide for $650,000 in subordinate borrowing, second in lien priority, with a two-year balloon note, not to exceed 12% interest, and no payments in the interim.

4. Upon the receipt of the new loan funds and the execution of the loan documents, the Debtor will pay the current balance of the outstanding interest to Apex Bank, which amount will be provided by Apex Bank to Debtor in advance of closing of the proposed borrowing, calculated through the closing date. Upon payment of the current balance

of carry interest, Apex Bank will defer payment of interest due thereafter until February 28, 2025. For the avoidance of doubt, such interest charges will continue to accrue on the outstanding balance, Apex Bank is simply deferring payment obligations with regard to such interest and Apex Bank's agreement to defer payment of interest is expressly conditioned on the payment of its interest incurred through closing of the new loan funds.

5. If the Debtor is unable to obtain court approval of the forthcoming Debtor in Possession Financing Motion by November 30, 2024, Apex Bank, upon the filing of a notice of default, shall have immediate relief from the automatic stay.

6. The venue and event space located on the Debtor's real property will be open and accepting bookings/reservations by January 31, 2025. If the Debtor is unable to accept bookings/reservations by January 31, 2025, Apex Bank, upon the filing of a notice of default, shall have immediate relief from the automatic stay.

7. The Debtor shall, with input of Apex Bank, seek authority to utilize cash collateral on terms and conditions acceptable to Apex Bank and shall not utilize cash collateral until either approved by the Court or authorized by Apex Bank pending Court approval.

8. The Debtor shall have financing in place to pay the Apex Bank debt by February 28, 2025 (i.e. "take-out" financing). If the Apex Bank debt is not repaid by February 28, 2025 at 5 p.m. (central standard time), Apex Bank, upon the filing of a notice of default, shall have immediate relief from the automatic stay.

9. The automatic stay shall continue in effect pursuant to the terms of this Agreed Order; however, in the event Apex Bank files a notice of default under the terms of this Agreed Order, the automatic stay of 11 U.S.C. § 362 is deemed immediately terminated upon

the filing of such a notice of default by Apex Bank without the need of further order by this Court.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.

AGREED TO AND

APPROVED FOR ENTRY:

/s/ Justin T. Campbell
Phillip G. Young, Jr. (Tn Bar No. 21078)
Justin T. Campbell (Tn Bar No. 031056)
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
Phone: 615.465.6000
Email: phillip@thompsonburton.com
justin@thompsonburton.com

*Counsel for Debtor*


SPENCER FANE LLP

/s/ Peter L. Riggs *w/ permission*
Sam J. McAllester III, #003461
511 Union Street, Suite 1000
Nashville, Tennessee 37219
Phone: (615) 238-6320
Email: smcallester@spencerfane.com

Peter L. Riggs, MO #57268, Admitted *Pro Hac Vice*
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Phone: (816) 292-8149
Email: priggs@spencerfane.com


*Counsel for Apex Bank*