SO ORDERED.
SIGNED 25th day of November, 2024

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Charles M. Walker
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| **Historic Beeches, LLC** ) | **Case No. 3:24-bk-02738** |
| ) | **Chapter 11** |
| ) | **Judge Walker** |
| Debtor. ) | |

### ORDER GRANTING DEBTOR'S EXPEDITED
### MOTION TO OBTAIN POST-PETITION FINANCING

This matter is before the Court upon the *Expedited Motion of Debtor for Order Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 362, 364(C)(1), 364(C)(2), 364(D) and 364(E)* (the "Motion")(Docket No. 46) filed by the debtor-in-possession pursuant to Sections 105, 362, 364(C)(1), 364(C)(2), 364(D), and 364(E) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") seeking, among other things:

(i) Authorization for the Debtor to obtain a junior secured post-petition debtor-in-possession financing facility ("DIP Facility") from Sulphur Fork LLC pursuant to the terms and conditions of that certain promissory note (the "Promissory Note") attached as Exhibit A to the Motion;

(ii) Authorization for the Debtor to execute and deliver the Promissory Note and Deed of Trust (as outlined in the Motion) and to perform such other and further acts as may be required in furtherance of the DIP Facility and related documents;

(iii) Authorization for the Debtor to draw on the DIP Facility, subject to the conditions set forth in the Motion, and to use proceeds of the DIP Facility to pay for, among other things, working capital towards the completion of construction projects on the Debtor's real property, the payment of current balance of outstanding interest on the first-priority secured debt of Apex Bank, and other related expenses of the administration of the bankruptcy case, but only in accordance with the DIP Budget (as attached as Exhibit B to the Motion).

(iv) The granting to Sulphur Fork, LLC (the "Lender") of a second-priority security interest in and liens on the real property (as further described in the Motion) to secure the DIP Facility, however, any lien to Sulphur Fork, LLC shall be subordinate in priority to an existing security interest of Apex Bank as of the Petition Date;

(v) Modification of the automatic stay imposed by Section 362 of the Bankruptcy Code solely to the extent necessary to provide Sulphur Fork, LLC with the relief necessary to implement and effectuate the terms and provisions of the DIP Facility;

NOW THEREFORE, the Hearing having been held by the Court on November 20, 2024; and the Court having considered the Motion, the exhibits attached thereto, and the evidence submitted at the Hearing, and it appearing to the Court that granting the relief requested is fair and reasonable and in the best interests of the Debtor and the bankruptcy estate; and after due deliberation and consideration, and for good and sufficient cause;

IT IS HEREBY ORDERED that:

1. The Motion is granted in accordance with the terms of this Order.

2. The Debtor is expressly and immediately authorized to incur the DIP Facility in accordance with, and subject to, the terms of this Order and the Promissory Note, which is expressly approved and incorporated herein by reference. The DIP Facility is hereby approved upon the terms and conditions set forth herein, in the Motion, and in the Promissory Note.

3. The Debtor is hereby authorized to execute, enter into, and deliver all documents and instructions which may be required or reasonably necessary for the performance by the Debtor under the DIP Facility for the creation and perfection of the liens as described in and provided for by this Order.

4. Subject to the terms, conditions, and limitations set forth in the Motion, the Promissory Note and this Order, immediately upon the entry of this Order the Debtor is hereby authorized to draw funds from the DIP Facility to be used for the purposes set forth in the DIP Budget.

5. As security for the DIP Facility and Promissory Note, all amounts and other obligations owing by the Debtor under the DIP Facility in respect thereof at all times will be secured by a lien on the Debtor's real property, as described in the Motion, pursuant to 11 U.S.C. § 364(c)(3) (the "DIP Liens").

6. The DIP Liens shall be subordinate in priority to any existing security interest of Apex Bank as of the Petition Date.

7. The DIP Liens, and any claims of the Lender, shall be subject to a carve-out equal to all fees required to be paid to the Clerk of the Bankruptcy Court and all fees payable under 28 U.S.C. § 1930 (plus interest at the statutory rate).

8. Upon entry of this Order, the Debtor shall be authorized to provide proceeds to Apex Bank in an amount to satisfy the current balance of the outstanding interest

to Apex Bank, as provided to the Debtor by a current interest statement from Apex Bank.

9. If any party in interest objects to the relief granted herein, such objection shall be filed with the Court within fourteen (14) days of entry of this Order.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE

APPROVED FOR ENTRY:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr. (TN Bar No. 021078)
Justin T. Campbell (TN Bar No. 031056)
THOMPSON BURTON PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
Tel:    615.465.6000
Email:  phillip@thompsonburton.com
        justin@thompsonburton.com

*Counsel for Debtor*